**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorrie Amitrano, | No. CV-23-00144-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| UnitedHealth Group, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Summary Judgment (Doc. 23), Defendant's Partial Motion to Dismiss Plaintiff's Complaint (Doc. 25), and Plaintiff's Motion to Dismiss Defendant's Partial Motion to Dismiss (Doc. 26), which the Court interprets as Plaintiff's response to Defendant's Partial Motion to Dismiss. For the following reasons, the Court will Deny the Plaintiff's Motion for Summary Judgment (Doc. 23) and Grant Defendant's Partial Motion to Dismiss Plaintiff's Complaint (Doc. 25.)

## BACKGROUND

According to the Complaint, Lorrie Amitrano is a nurse practitioner who lives in Tucson, Arizona.[1] (Doc. 1-3 at 3.) In November 2021, Amitrano interviewed with UnitedHealth Group ("UHG") for a remote telephonic position in UHG's Colorado Hub. (Doc 1-3 at 7.) During the interview, Amitrano informed UHG that she was not vaccinated against COVID-19 because the vaccine went against her sincerely held religious beliefs.

---

[1] Plaintiff filed a document entitled "Operative Complaint" at Doc. 19. Because the complaint is identical to that filed at Doc 1-3, the Court considers the earlier filing to be the operative complaint and cites to that document.

(Doc. 1-3 at 7.) UHG subsequently offered Amitrano the position and requested that she sign a pre-employment vaccination exemption request. (Doc. 1-3 at 7.) Amitrano completed the request only to find out days later that the request was denied and that she needed to be vaccinated by the end of the month. (Doc. 1-3 at 7.) Upon learning that Amitrano refused to be vaccinated, UHG rescinded its employment offer. (Doc 1-3 at 7.) Amitrano brings the action at hand arguing that UHG violated her constitutional and statutory rights to be free from religious discrimination. Specifically, Amitrano asserts claims under Title VII of the Civil Rights Act of 1964, the Arizona Civil Rights Act, United States Constitution (First and Ninth Amendments), and Article II of the Arizona Constitution. (Doc. 1-3 at 9-11.) She seeks compensatory damages for lost wages and emotional harm and suffering, along with other forms of relief. (Doc 1-3 at 11-12.)

## PROCEDURAL HISTORY

In February 2023, Plaintiff filed her Complaint against Defendant in the Superior Court of Arizona, Pima Country, Case No. C20230731. (*See* Doc 1-3.) The case was removed to the United States District Court for the District of Arizona by UHG in March 2023. (Doc. 1.) Thereafter, Defendant filed a Partial Motion to Dismiss Plaintiff's federal and state constitutional claims. (Doc. 25.) On June 20, 2023, Plaintiff filed a response to Defendant's Motion. (Doc. 26.) On June 27, 2023, Defendant filed its reply. (Doc. 27.) On July 3, 2023, Plaintiff also filed a reply. (Doc. 28.)

## DISCUSSION

I. **Defendant's Partial Motion to Dismiss**

   a. **Standard of Review**

When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the court takes the well-pled factual allegations of the complaint as true and construes them in the light most favorable to the nonmoving party. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). To prevail on a motion to dismiss under Rule 12(b)(6), the movant must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Shroyer v.*

*New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court will construe a *pro se* plaintiff's complaint liberally, leave to amend will not be granted if "the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *see Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

Plaintiff's Complaint fails to plead any cognizable state or federal constitutional violations.

### b. Federal Constitutional Violations

Plaintiff alleges that Defendant violated her federal constitutional rights when it rescinded her employment offer citing her refusal to receive the COVID-19 vaccine. "The United States Constitution protects individual rights only from *government* action, not from *private* action. Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated." *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003). A private organizations' actions will be treated as governmental action only when, "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n.,* 531 U.S. 288, 295 (2000).

Plaintiff asserts claims against Defendant under the First and Ninth Amendments of the United States Constitution. However, since Defendant is a private, corporate employer, it cannot be liable for alleged violations of the United States Constitution. Moreover, there is no evidence to support a claim that Defendant's vaccine policy shared a close nexus with the government such that it would constitute state action.

Accordingly, the Court will dismiss Plaintiff's First and Ninth Amendments claims. The Defendant, as a private party, is not subject to these constitutional constraints.

### c. State Constitutional Violations

In addition to her federal constitutional claims, Plaintiff brings several claims under Article II of the Arizona State Construction. (Doc. 1-3). "Article 2, § 8 of the Arizona constitution does not restrict any private individual's actions. . . ." *Hart v. Seven Resorts Inc.*, 947 P.2d 846, 852 (Ariz. App. 1997). In other words, an alleged violation arising under Article II of the Arizona Constitution can only be asserted against governmental actors. *See* id.

As explained above, any alleged violations of state or federal constitutional rights fail because Defendant is a private party rather than a governmental actor. Accordingly, the Court will grant Defendant's Motion and dismiss Plaintiff's claims under Article II of the Arizona State Constitution.

## II.   Plaintiff's Motion for Summary Judgment

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and…the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The operative inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

Although the Rule 56 permits a motion for summary judgment to be filed at the commencement of an action, in many cases "the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56(b) advisory committee's note to 2010 amendment. Generally, it does not make sense for the court to rule on a Plaintiff's motion for summary judgment before the defendant answers. In most cases, "it is preferable to wait and see whether the defendant is opposing the complaint and on what basis." Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules & Commentary. Rule 56. Summary Judgment (Feb. 2023).

Here, Defendant has yet to file an answer containing "its defenses to each claim asserted against it" or "[admissions] or [denials] of the allegations asserted against it." Fed. R. Civ. P. 8(b). Moreover, the Court has found that Plaintiff's constitutional claims are legally insufficient. Finally, the Court notes that Plaintiff's motion for summary judgment and statement of facts (Docs. 22 and 23) rely on Exhibits which are not part of the record. (See Docs. 16 and 17.) For these reasons, the Court will deny Plaintiff's Motion for Summary Judgment. Once Defendant files an answer to Plaintiff's remaining claims, the Court will set a pretrial scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 16. Plaintiff will have the opportunity to discuss the timing and content of any dispositive motions Plaintiff wishes to file at the scheduling conference and in the parties' joint report.

**IT IS ORDERED:**

1. Defendant's Partial Motion to Dismiss Plaintiff's Complaint (Doc. 25) is **GRANTED**.
2. Plaintiff's Motion for Summary Judgment (Doc. 23) is **DENIED**.
3. Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss Partial Complaint (Doc. 26) is **DENIED**.
4. Defendant is ordered to file an answer addressing Plaintiff's remaining claims within **14 days** of the date of this order.

Dated this 22nd day of September, 2023.

Jennifer G. Zipps
United States District Judge