**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorrie Amitrano,<br><br>          Plaintiff,<br><br>v.<br><br>UnitedHealth Group,<br><br>          Defendant. | No. CV-23-00144-TUC-JGZ<br><br>**ORDER** |

      On July 17, 2024, this Court issued an Order denying Plaintiff Amitrano's Motions to Enforce the Settlement Agreement (Doc. 81) and Reopen the Case (Doc. 82), and granting Defendant UnitedHealth Group's Cross-Motion to Enforce Settlement Agreement and Compel (Doc. 84). The Court ordered Plaintiff to provide Defendant with a W-4 containing her social security number in order to facilitate payment of the agreed upon settlement amount. (Doc. 91.) On July 18, 2024, Plaintiff filed a document entitled "Plaintiff Amitrano's Objection to July 17th, 2024 Orders with Request for Full Rationale by U.S. District Court, Arizona District Judge Zipps." (Doc. 92.) On August 1, 2024, Plaintiff filed a Motion to Reopen and Reinstatement with a Hearing to Enforce Plaintiff's Demand for Settlement Payment From Defendant's Breach of March 27th, 2024 Settlement Agreement. (Doc. 93.) Because the Court has already addressed the arguments raised by Plaintiff, the Court will construe Plaintiff's filings (Docs. 92 & 93) as a Motion to Reconsider. For the following reasons, the Court will deny Plaintiff's Motion to Reconsider.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

Plaintiff does not present new facts or legal authority warranting reconsideration of the Court's previous Order. Instead, Plaintiff reurges the same argument that "[she] is not required to provide her social security number" to Defendant because she "is not an UHG employee, not a UHG worker, not hired in December 2021, did not have an employment agreement with UnitedHealth Group, has not performed services for wages." (Doc. 92.) Plaintiff's current or past employment status with the Defendant is irrelevant. As memorialized in the settlement agreement, Plaintiff *agreed* to receive "one payment for alleged lost back pay and/or front pay by check in the amount of [], less applicable payroll/tax withholdings, for which UnitedHealth shall issue an IRS form W-2 to Amitrano." (Doc. 81-14 at 2.) Plaintiff *agreed* to provide Defendant with a completed W-4 to facilitate payment of the settlement amount. (*See* Doc. 81-14 at 2 ("The settlement payments… will be sent within thirty (30) days after… counsel for United Health Group receives a copy of … executed W-4 and W-9 forms from Amitrano.").) Plaintiff's social security number is required for Defendant to "comply with its obligation to withhold social security and Medicare taxes from wages and pay the company's share of these taxes" and avoid penalty. (Doc. 91 at 2.) Plaintiff presents no new arguments that warrant reconsideration of the Court's July 17, 2024 Order. To the extent that Plaintiff disagrees with this Court's conclusion, she may seek relief in the Ninth Circuit Court of Appeals.

Plaintiff also demands "immediate payment of half of the settlement payment not in dispute." (Doc. 93 at 2.) The settlement agreement is not severable. Defendant is not required to fulfill its obligation to pay Plaintiff any money unless and until Plaintiff

provides the information that she *agreed* to provide to Defendant. The settlement agreement is binding on the parties regardless of whether Plaintiff provides the information, however, Plaintiff is not entitled to receive any payment pursuant to the settlement agreement unless and until she provides the completed W-4. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Objection to 7/17/24 Orders with Request for Full Rationale by U.S. District Court, Arizona District Judge Zipps (Doc. 92) is **denied**.

2. Plaintiff's Motion to Reopen and Reinstatement with a Hearing to Enforce Plaintiff's Demand for Settlement Payment From Defendant's Breach of March 27th, 2024 Settlement Agreement (Doc. 93) is **denied**.

Dated this 14th day of August, 2024.

_____
Jennifer G. Zipps
United States District Judge